**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RUBY HAYES,<br><br>  Plaintiff,<br><br>v.<br><br>CREDIT CORP SOLUTIONS, INC,<br><br>  Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## **PARTIES**

1. Plaintiff, Ruby Hayes ("Plaintiff"), is a natural person who resided in Harrisburg, Pennsylvania, at all times relevant to this action.

2. Defendant, Credit Corp Solutions ("Defendant"), is a Utah corporation, that at all times relevant to this action, maintains its principal place of business at 121 West Election Road, Suite 200, Draper, UT 84020.

## **JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**STATEMENT OF FACTS**

5. At all times relevant to this action, Defendant is in the business of consumer debt collection.

6. Defendant regularly uses instrumentalities of interstate commerce and the mail to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, Defendant contacted Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. The purported "debt" relevant to this action is for the amount of $856.35.

13. Regulation F, 12 CFR Part 1006, implements the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and was promulgated by the Consumer Financial Protection Bureau (CFPB) to provide rules governing the activities of debt collectors as defined by the FDCPA. 12 C.F.R. § 1006.1, *et seq*.

14. Regulation F provides consumers with protections against harassment, oppression, or abuse in connection with the collection of debts, and establishes clear requirements for communications in connection with debt collection, including but not limited to prohibitions on excessive communication, specific procedures for dispute resolution, and validation of debt requirements. Id.

15. Specifically, Regulation F delineates the rights of consumers and the limitations placed on debt collectors with respect to the times and places at which a consumer may be

contacted, the consumer's right to privacy, and the consumer's ability to specify preferred communication channels and to cease communication. Id.

16. Regulation F defines an "attempt to communicate" to mean any act to initiate a communication or other contact about a debt with any person through any medium, including by soliciting a response from such person. 12 C.F.R. § 1006.2(b)

17. Moreover, Regulation F defines "communicate" or "communication" as the conveying of information regarding a debt directly or indirectly to any person through any medium. 12 C.F.R. § 1006.2(d)

18. A debt collector must not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 12 C.F.R. § 1006.14.

19. While at home, on or about May 7, 2024, Plaintiff received a call from Defendant.

20. During this call, Plaintiff explicitly requested that Defendant cease and desist all communications, stating, "Do not call or contact me by any other method."

21. On or about May 8, 2024, Plaintiff received numerous missed calls from random numbers.

22. Unsure of the identity of the callers and while waiting for a different call, Plaintiff dialed the number from the previous day's call in an attempt to identify the source of the missed calls.

23. After a representative answered, Plaintiff requested that Defendant identity themselves.

24. Despite this request, Defendant did not provide meaningful disclosure of their identity or the nature of the call.

25. On or about May 9, 2024, Plaintiff received an incoming call from Defendant.

26. Plaintiff called back to verify who had called, thereby confirming it was Defendant.

27. Subsequently thereafter, on May 9, 2024, Plaintiff received an email from Defendant. A true and correct copy of this email is attached hereto as **Exhibit A**.

28. Plaintiff replied to this email, reiterating the initial request to cease and desist all communications, stating, "Do not contact. I have no business agreement with Credit Corp Solutions. Cease and desist all communications." See Ex. A.

29. Moreover, Defendant had previously submitted "discounted settlement offers" to Plaintiff in an attempt to collect debt for $856.35. True and correct copies of these offers are attached collectively as **Exhibit B**.

30. Both offers misrepresented the savings amounts.

31. In the first offer, Defendant indicated that Plaintiff could save "$428.18" by paying Defendant "only" $428.18. See Ex. B.

32. That calculation is incorrect as the debt in question is for $856.35 and paying Defendant $428.18 would yield savings of $428.17 not the $428.18 Defendant claimed.

33. In a subsequent offer, Defendant indicated that Plaintiff could save "$85.64" by paying the Defendant $770.72. See Ex. B.

34. That calculation was also incorrect as the debt in question is for $856.35 and paying Defendant $770.72 would yield a discount of $85.63 not the $85.64 claimed by the Defendant.

### COUNT I – Cease and Desist Violations
### Violation of the Fair Debt Collection Practices Act Section 1692(c) and Regulation F § 1006.6(c)(1)

35. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34 above as if fully set forth herein.

36. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. 15 U.S.C. § 1692c.

37. Pursuant to Regulation F, if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wants the debt collector to cease further communication with the consumer, the debt collector must not communicate or attempt to communicate further with the consumer with respect to such debt. 12 C.F.R. § 1006.6.

38. On May 7, 2024, Plaintiff requested Defendant to cease and desist all communications.

39. Despite this request, Defendant CCS continued to communicate with Plaintiff on May 9, 2024, via phone call and email.

40. Defendant's actions are in violation of FDCPA Section 1692(c) (15 U.S.C. § 1692c(c)) and Regulation F § 1006.6(c)(1)), which prohibit further communication after a cease and desist request.

### COUNT II – Refusing Meaningful Disclosure Request
**Violation of the Fair Debt Collection Practices Act Section 1692(d) and Regulation F § 1006.14(g)**

41. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 40 above as if fully set forth herein.

42. FDCPA § 1692d(6) and Regulation F § 1006.14(g) require collectors to identify themselves in a meaningful way, except as provided in section 1692b, which states that when a collector seeks a debtor's location information from someone other than the debtor, the collector must "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer."

43. On May 8, 2024, after speaking with Defendant's representative, Plaintiff made a reasonable request for the Defendant to identify themselves.

44. During the May 8, 2024 communication, as indicated above, Defendant failed to identify itself as a debt collector and/or failed to provide any identifying information to Plaintiff.

45. Despite this request, Defendant did not provide meaningful disclosure of their identity or the nature of the communication.

46. During this communication, Defendant failed to identify itself as a debt collector.

47. Defendant's actions violate FDCPA Section 1692(d)(6) and Regulation F § 1006.14(g)), which prohibit further communication after a cease and desist request.

## COUNT III – Misrepresentation
### Violation of the Fair Debt Collection Practices Act Section 1692(e) and Regulation F § 1006.18(b)(2)

48. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 47 above as if fully set forth herein.

49. Under the FDCPA §1692e(2), debt collectors are prohibited from falsely representing, the character, amount, or legal status of any debt. 15 U.S.C. §1692e(2)(A).

50. Moreover, a debt collector, "[M]ust not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of paragraph (a) of this section, the following conduct is a violation of this section: (2)

The false representation of- (i) The character, amount, or legal status of any debt; or (ii) Any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 12 C.F.R. §1006.18(b)(2).

51. As stated above, Defendant had previously submitted "discounted settlement offers" to Plaintiff in an attempt to collect debt for $856.35. See Ex. B.

52. Both offers misrepresented the savings amounts.

53. In the first offer, Defendant indicated that Plaintiff could save "$428.18" by paying Defendant "only" $428.18. Id.

54. That calculation is incorrect as the debt in question is for $856.35 and paying Defendant $428.18 would yield savings of $428.17, not the $428.18 Defendant claimed.

55. In a subsequent offer, Defendant indicated that Plaintiff could save "$85.64" by paying Defendant $770.72. Id.

56. That calculation was also incorrect as the debt in question is for $856.35 and paying Defendant $770.72 would yield a discount of $85.63, not the $85.64 claimed by Defendant.

57. Defendant's actions violate FDCPA Section 1692(e)(2) and Regulation F § 1006.18(b)(2)), which prohibit debt collectors from falsely representing, the character, amount, or legal status of any debt.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date:  08/19/2024                    By: /s/ Daniel Kravets, Esq.
                                                      Daniel Kravets, Esq.
                                                      Hyslip Legal
                                                      207 S. Harrison Street, Suite A,
                                                      Algonquin, IL 60102
                                                      (614) 362-3322
                                                      *Attorney for Plaintiff*