# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

RUBY HAYES,

     Plaintiff,

v.

CREDIT CORP SOLUTIONS, INC.

     Defendant.

Case No. 1:24−CV−01404

Honorable Jennifer P. Wilson

## PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

Now comes Plaintiff, Ruby Hayes, by and through counsel, and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, respectfully requests the Clerk to enter a default against Defendant, Credit Corp Solutions, Inc.  In support of this request, Plaintiff states:

1.    Rule 55(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

See Fed. R. Civ. P. 55(a).

2.    On August 28, 2024, Defendant was served with a Summons and the Complaint in this action. True and correct copies of the Summons, Complaint, and Proof of Service are attached hereto as **Exhibit A**.

3.    Pursuant to the aforementioned Summons, Defendant's responsive pleading to the Complaint was due on or before September 19, 2024.  See Exhibit A.

4.    In said Summons, Defendant was notified that its failure to file an Answer or other responsive pleading by September 19, 2024, would result in a default being entered against Defendant.

5.    The record demonstrations that as of September 30, 2024, the Defendant has not filed an Answer, or other responsive pleading, to the Complaint.

6.    While the Defendant was served with a Summons, in the docket however, the undersigned erroneously efiled a "Summons Packet" which included an uncompleted "Waiver of Service" form providing the Defendant with 30 days to return said Waiver. See **Exhibit B**.

7.    September 27, 2024 was 30 days after the date of the aforementioned "Summons Packet".

8.    No Waiver of Service form has been returned to the undersigned nor filed into the docket.

9.    While the Defendant was served with the Summons and Complaint, as a matter of good faith, Plaintiff has waited over 30 days before requesting the instant Entry of Default.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the clerk enter a default against Defendant in the above-captioned case.

RESPECTFULLY SUBMITTED,


Date:   September 30, 2024                    By: /s/ Daniel Kravets, Esq.
                                             Daniel Kravets, Esq.
                                             Hyslip Legal, LLC
                                             207 S. Harrison Street, Suite A
                                             Algonquin, IL 60102
                                             Phone: 614-362-3322
                                             *Attorney for Plaintiff*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2024, a copy of the foregoing Request for

Entry of Default was filed electronically through the Court's CM/ECF system.  Service of

this filing will be made by Plaintiff's counsel upon the following:

**Credit Corp Solutions, Inc.**
121 West Election Road
Suite 200
Draper, UT 84020

<u>/s/ Daniel Kravets, Esq.</u>

# Exhibit A

# CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

Case #: 1:24-cv-01404-JPW

---

**Ruby Hayes**

Plaintiff

**vs.**

**Credit Corp Solutions, Inc.**

Defendant

---

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the

**Summons & Complaint For Damages Under The Fair Debt Collection Practices Act, The Telephone Consumer Protection Act And Other Equitable Relief; Civil Cover Sheet**

| | |
|---|---|
| PARTY SERVED: | **CREDIT CORP SOLUTIONS, INC.** |
| PERSON SERVED: | **VANESSA RODRIGUEZ, AUTHORIZED REPRESENTATIVE** |
| METHOD OF SERVICE: | **Corporate** - By leaving copies with the person identified above, apparently in charge at the office or usual place of business. I informed him/her of the general nature of the papers. |
| DATE & TIME OF DELIVERY: | **8/26/2024 at 12:18 PM** |
| ADDRESS, CITY AND STATE: | **121 W. ELECTION RD., STE 200, DRAPER, UT 84020** |

Race: **Hispanic**   Sex: **Female**   Age: **24**
Height: **5'4"**   Weight: **150**   Hair: **Red**   Glasses: **No**

Judicial Attorney Services, Inc.
PO Box 583
Geneva, IL 60134
(630) 221-9007

I declare under penalties of perjury that the information contained herein is true and correct. Executed on 8/27/2024.

Jeff Cook
Registration No: A127551

---

# UNITED STATES DISTRICT COURT
for the
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUBY HAYES** | |
| *Plaintiff* | Civil Action No.: |
| v. | **1:24–CV–01404–JPW** |
| | Hon. Jennifer P. Wilson |
| **CREDIT CORP SOLUTIONS, INC.** | |
| *Defendant* | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

```
SEE COMPLAINT
```

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) ––– or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) ––– you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Daniel Kravets
211 W. Wacker Drive, Suite 300
Chicago, IL 60606

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



**PETER J. WELSH**

*CLERK OF COURT*

**s/ – Lisa D Lombardi**

*Signature of Clerk or Deputy Clerk*

**ISSUED ON 2024–08–20 12:34:01**, Clerk USDC MDPA

Civil Action No.:  **1:24–CV–01404–JPW**

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for (name of individual and title, if any) _____

was received by me on (date)_____.

☐ I personally served the summons on the individual at (place)_____

_____on (date)_____ ; or

☐ I left the summons at the individual's residence or usual place of abode with (name)_____

_____, a person of suitable age and discretion who resides there,

on (date) _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on (name of individual)_____ , who is

designated by law to accept service of process on behalf of (name of organization)_____

_____ on (date) _____; or

☐ I returned the summons unexecuted because_____ ; or

☐ Other (specify) :


My fees are $ _____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.


_____                    _____
            Date                                                     *Server's Signature*

                                                         _____
                                                                     *Printed name and title*


                                                         _____
                                                                     *Server's Address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RUBY HAYES
Harrisburg, PA

### DEFENDANTS

CREDIT CORP SOLUTIONS, INC
121 West Election Road, Suite 200, Draper, UT 84020.

**(b)** County of Residence of First Listed Plaintiff    Dauphin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Salt Lake County, UT
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel Kravets, Esq., Hyslip Legal, 207 S. Harrison Street, Suite A, Algonquin, IL 60102, (614) 362-3322

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☐ 2 | U.S. Government Defendant | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☒ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act

Brief description of cause:
Defendant has engaged in conduct of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE        DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| August 19, 2024 | /s/ Daniel Kravets |

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBY HAYES,<br><br>      Plaintiff,<br><br>v.<br><br>CREDIT CORP SOLUTIONS, INC,<br><br>      Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1.      Plaintiff, Ruby Hayes ("Plaintiff"), is a natural person who resided in Harrisburg, Pennsylvania, at all times relevant to this action.

2.      Defendant, Credit Corp Solutions ("Defendant"), is a Utah corporation, that at all times relevant to this action, maintains its principal place of business at 121 West Election Road, Suite 200, Draper, UT 84020.

## JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

1

## STATEMENT OF FACTS

5.　　At all times relevant to this action, Defendant is in the business of consumer debt collection.

6.　　Defendant regularly uses instrumentalities of interstate commerce and the mail to collect consumer debts owed or due or asserted to be owed or due another.

7.　　The principal source of Defendant's revenue is debt collection.

8.　　Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.　　As described, *infra*, Defendant contacted Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

10.　　This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11.　　Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.　　The purported "debt" relevant to this action is for the amount of $856.35.

13.　　Regulation F, 12 CFR Part 1006, implements the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and was promulgated by the Consumer Financial Protection Bureau (CFPB) to provide rules governing the activities of debt collectors as defined by the FDCPA. 12 C.F.R. § 1006.1, *et seq*.

14.　　Regulation F provides consumers with protections against harassment, oppression, or abuse in connection with the collection of debts, and establishes clear requirements for communications in connection with debt collection, including but not limited to prohibitions on excessive communication, specific procedures for dispute resolution, and validation of debt requirements. Id.

15.　　Specifically, Regulation F delineates the rights of consumers and the limitations placed on debt collectors with respect to the times and places at which a consumer may be

contacted, the consumer's right to privacy, and the consumer's ability to specify preferred communication channels and to cease communication. Id.

16.     Regulation F defines an "attempt to communicate" to mean any act to initiate a communication or other contact about a debt with any person through any medium, including by soliciting a response from such person. 12 C.F.R. § 1006.2(b)

17.     Moreover, Regulation F defines "communicate" or "communication" as the conveying of information regarding a debt directly or indirectly to any person through any medium. 12 C.F.R. § 1006.2(d)

18.     A debt collector must not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 12 C.F.R. § 1006.14.

19.     While at home, on or about May 7, 2024, Plaintiff received a call from Defendant.

20.     During this call, Plaintiff explicitly requested that Defendant cease and desist all communications, stating, "Do not call or contact me by any other method."

21.     On or about May 8, 2024, Plaintiff received numerous missed calls from random numbers.

22.     Unsure of the identity of the callers and while waiting for a different call, Plaintiff dialed the number from the previous day's call in an attempt to identify the source of the missed calls.

23.     After a representative answered, Plaintiff requested that Defendant identity themselves.

24.     Despite this request, Defendant did not provide meaningful disclosure of their identity or the nature of the call.

3

25. On or about May 9, 2024, Plaintiff received an incoming call from Defendant.

26. Plaintiff called back to verify who had called, thereby confirming it was Defendant.

27. Subsequently thereafter, on May 9, 2024, Plaintiff received an email from Defendant. A true and correct copy of this email is attached hereto as **Exhibit A**.

28. Plaintiff replied to this email, reiterating the initial request to cease and desist all communications, stating, "Do not contact. I have no business agreement with Credit Corp Solutions. Cease and desist all communications." See Ex. A.

29. Moreover, Defendant had previously submitted "discounted settlement offers" to Plaintiff in an attempt to collect debt for $856.35. True and correct copies of these offers are attached collectively as **Exhibit B**.

30. Both offers misrepresented the savings amounts.

31. In the first offer, Defendant indicated that Plaintiff could save "$428.18" by paying Defendant "only" $428.18. See Ex. B.

32. That calculation is incorrect as the debt in question is for $856.35 and paying Defendant $428.18 would yield savings of $428.17 not the $428.18 Defendant claimed.

33. In a subsequent offer, Defendant indicated that Plaintiff could save "$85.64" by paying the Defendant $770.72. See Ex. B.

34. That calculation was also incorrect as the debt in question is for $856.35 and paying Defendant $770.72 would yield a discount of $85.63 not the $85.64 claimed by the Defendant.

### COUNT I – Cease and Desist Violations
**Violation of the Fair Debt Collection Practices Act Section 1692(c) and Regulation F § 1006.6(c)(1)**

35. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34 above as if fully set forth herein.

36.     If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. 15 U.S.C. § 1692c.

37.     Pursuant to Regulation F, if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wants the debt collector to cease further communication with the consumer, the debt collector must not communicate or attempt to communicate further with the consumer with respect to such debt. 12 C.F.R. § 1006.6.

38.     On May 7, 2024, Plaintiff requested Defendant to cease and desist all communications.

39.     Despite this request, Defendant CCS continued to communicate with Plaintiff on May 9, 2024, via phone call and email.

40.     Defendant's actions are in violation of FDCPA Section 1692(c) (15 U.S.C. § 1692c(c)) and Regulation F § 1006.6(c)(1)), which prohibit further communication after a cease and desist request.

### COUNT II – Refusing Meaningful Disclosure Request
**Violation of the Fair Debt Collection Practices Act Section 1692(d) and Regulation F §
1006.14(g)**

41.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 40 above as if fully set forth herein.

42.     FDCPA § 1692d(6) and Regulation F § 1006.14(g) require collectors to identify themselves in a meaningful way, except as provided in section 1692b, which states that when a collector seeks a debtor's location information from someone other than the debtor, the collector must "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer."

43.     On May 8, 2024, after speaking with Defendant's representative, Plaintiff made a reasonable request for the Defendant to identify themselves.

44.     During the May 8, 2024 communication, as indicated above, Defendant failed to identify itself as a debt collector and/or failed to provide any identifying information to Plaintiff.

45.     Despite this request, Defendant did not provide meaningful disclosure of their identity or the nature of the communication.

46.     During this communication, Defendant failed to identify itself as a debt collector.

47.     Defendant's actions violate FDCPA Section 1692(d)(6) and Regulation F § 1006.14(g)), which prohibit further communication after a cease and desist request.

<u>**COUNT III – Misrepresentation**</u>
**Violation of the Fair Debt Collection Practices Act Section 1692(e) and Regulation F § 1006.18(b)(2)**

48.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 47 above as if fully set forth herein.

49.     Under the FDCPA §1692e(2), debt collectors are prohibited from falsely representing, the character, amount, or legal status of any debt. 15 U.S.C. §1692e(2)(A).

50.     Moreover, a debt collector, "[M]ust not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of paragraph (a) of this section, the following conduct is a violation of this section: (2)

6

The false representation of- (i) The character, amount, or legal status of any debt; or (ii) Any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 12 C.F.R. §1006.18(b)(2).

51.    As stated above, Defendant had previously submitted "discounted settlement offers" to Plaintiff in an attempt to collect debt for $856.35. <u>See</u> Ex. B.

52.    Both offers misrepresented the savings amounts.

53.    In the first offer, Defendant indicated that Plaintiff could save "$428.18" by paying Defendant "only" $428.18. <u>Id.</u>

54.    That calculation is incorrect as the debt in question is for $856.35 and paying Defendant $428.18 would yield savings of $428.17, not the $428.18 Defendant claimed.

55.    In a subsequent offer, Defendant indicated that Plaintiff could save "$85.64" by paying Defendant $770.72. <u>Id.</u>

56.    That calculation was also incorrect as the debt in question is for $856.35 and paying Defendant $770.72 would yield a discount of $85.63, not the $85.64 claimed by Defendant.

57.    Defendant's actions violate FDCPA Section 1692(e)(2) and Regulation F § 1006.18(b)(2)), which prohibit debt collectors from falsely representing, the character, amount, or legal status of any debt.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

    a.    Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date:   08/19/2024

By: /s/ Daniel Kravets, Esq.
Daniel Kravets, Esq.
Hyslip Legal
207 S. Harrison Street, Suite A,
Algonquin, IL 60102
(614) 362-3322
*Attorney for Plaintiff*

8

# Exhibit A

**From:** R Hayes <hayesrch2001@aol.com>
**To:** "contact@creditcorpsolutionsinc.com" <contact@creditcorpsolutionsinc.com>
**Sent:** Thursday, May 9, 2024 at 01:28:05 PM EDT
**Subject:** Re: Business matter for Ruby Hayes - DT: 32329581

Do not contact. I have no business agreement with Credit Corp Solutions.

Cease and desist all communications.

Ruby Hayes

On Thursday, May 9, 2024 at 11:40:58 AM EDT, <contact@creditcorpsolutionsinc.com> wrote:


Dear Ruby Hayes,

Our reference: DT 32329581
Original Creditor: Celtic Bank
Original Account: 5346360213047772
Current Creditor: Credit Corp Solutions Inc.
Balance Outstanding: $856.35

I have been attempting to contact you in regards to an important business matter. Our goal is to find an appropriate solution for this situation and we need to get an understanding of your current circumstances, please contact Charles Richardson on (213) 833-2730.

Did you know, you can manage your account online anywhere, anytime. Simply log in to your account at https://creditcorponline.com/selfservice#/login using your reference number 32329581.

The online portal allows you to see available offers, make a payment or chat with us online.


Yours faithfully,

Charles Richardson
Customer Relationship Manager

**Credit Corp Solutions Inc.**

**(Also licensed in certain jurisdictions as Tasman Credit Corp and Tasman Credit)**

Tel: (213) 833-2730 Fax: 855-530-0355
Toll Free: 800 483 2361

To Opt-Out from receiving communication to this email click here

**STATEMENT OF CONFIDENTIALITY**

The information contained in this electronic message and any attachments are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521) are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. No representation is made on the accuracy or completeness of the information contained in this electronic message. Certain assumptions may have been made in the preparation of this material as at this date, and are subject to change without notice. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment (s) is strictly prohibited. Please reply to the sender and destroy all copies of this message and any attachments from your system.

**THIS FIRM IS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THE PURPOSE OF COLLECTING A DEBT. WE ARE NOT A LAW FIRM. WE DO NOT HAVE ANY ATTORNEYS ON STAFF.**

We are required under certain state laws to notify consumers of the following rights. Please note that this list does not contain a complete list of the rights consumers have under state and federal law.

**For California State Residents Only:**
As a California consumer you have the right under the California Consumer Protection Act ("CCPA") to direct a business that sells or shares Personal Information about you to third parties not to sell or share that Personal Information. This right may be referred to as the right to opt-out.
You have other rights under the CCPA. These rights include, among others,

- the right to know what Personal Information is collected, used, shared or sold, both as to the categories and specific pieces of Personal Information;
- the right to request deletion of your Personal Information held by Credit Corp and its service providers
- the right to access your Personal Information;
- the right to correct inaccurate Personal Information;
- the right to know what Personal Information is sold or shared and to whom;
- the right to limit the use and disclosure of Sensitive Personal Information; and
- the right of no retaliation following opt-out or exercise if your rights under the .

For more information on how we collect, use or disclose your Personal Information and our policy in relation to the CCPA go to www.creditcorponline.com/supplemental-notice

California Debt Collection Licence No. 10399-99.

**For Colorado State Residents Only:**
Colorado Manager, Inc.
80 Garden Center, Suite 3
Broomfield, CO 80020
Phone: 303-920-4763

**For District of Columbia Residents Only:**
You might have income or resources that are protected from being taken by debt collectors. These

might include certain sources of income, funds, or property, including, but not limited to, Social Security, Supplemental Security Income (SSI), disability or unemployment benefits, veteran's benefits, or child support payments. If you believe your property or income may be protected, you may wish to seek legal advice, including at a legal services provider or legal aid office, before paying this debt.

**For Massachusetts State Residents Only:**
NOTICE OF IMPORTANT RIGHTS
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request.  You may terminate this request by writing to the debt collector.

**For Minnesota State Residents Only:**
This collection agency is licensed by the Minnesota Department of Commerce.

**For New York City Residents Only:**
New York City Department of Consumer Affairs License Number: 1474393

**For North Carolina State Residents Only:**
Company #: 119505369
Credit Corp Solutions Inc. (License no. 110292)
West Election Road, Suite 200
Draper, UT 84020
United States of America
Toll Free: 800-483-2361
E-mail: info@creditcorpsolutionsinc.com
Website: www.creditcorponline.com

**For Tennessee Residents Only:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**For Washington State Residents Only:**
This collection agency is licensed in the State of Washington at the following address:
Credit Corp Solutions Inc.
121 West Election Road, Suite 200
Draper, UT 84020
800-483-2361

**For Wisconsin State Residents Only:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

# Exhibit B

# Check out your discounted settlement offer now!

## Take advantage of this limited time offer and SAVE $428.18!

**Save $428.18** off your current balance and only pay $428.18. This offer is for a limited time and expires Feb 23, 2024.

**View and Accept Offer**

# A discounted settlement offer is available now!

## Take advantage of this limited time offer and SAVE $85.64!

**Save $85.64** off your current balance and only pay $770.72. This offer is for a limited time and expires Mar 07, 2024.

**View and Accept Offer**

Hi Ruby,

# Exhibit B

# UNITED STATES DISTRICT COURT

for the

## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUBY HAYES** | |
| *Plaintiff* | Civil Action No.: |
| v. | **1:24–CV–01404–JPW** |
| | Hon. Jennifer P. Wilson |
| **CREDIT CORP SOLUTIONS, INC.** | |
| *Defendant* | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

    SEE COMPLAINT

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) ––– or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) ––– you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Daniel Kravets
        211 W. Wacker Drive, Suite 300
        Chicago, IL 60606

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



**PETER J. WELSH**

*CLERK OF COURT*

  **s/ – Lisa D Lombardi**

*Signature of Clerk or Deputy Clerk*

**ISSUED ON 2024–08–20 12:34:01**, Clerk USDC MDPA

Civil Action No.:  **1:24–CV–01404–JPW**

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for (name of individual and title, if any) _____

was received by me on (date)_____.

☐ I personally served the summons on the individual at (place)_____

_____on (date)_____ ; or

☐ I left the summons at the individual's residence or usual place of abode with (name)_____

_____, a person of suitable age and discretion who resides there,

on (date) _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on (name of individual)_____ , who is

designated by law to accept service of process on behalf of (name of organization)_____

_____ on (date) _____; or

☐ I returned the summons unexecuted because_____ ; or

☐ Other (specify) :


My fees are $ _____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.


_____                    _____
        Date                                                              *Server's Signature*

                                                         _____
                                                                           *Printed name and title*


                                                         _____
                                                                           *Server's Address*

Additional information regarding attempted service, etc:

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____            _____
*Printed name of party waiving service of summons*                 *Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| _____ | ) |
| *Defendant* | ) |

### NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _____

     *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

Address: _____

     *(Address of the defendant or - if the defendant is a corporation, partnership, or association - address of an officer or authorized agent)*

**Why are you getting this?**

    A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

    This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within  30  days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

    If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

    Please read the enclosed statement about the duty to avoid unnecessary expenses.

    I certify that this request is being sent to you on the date below.

Date: _____

                                             _____

                                       *Signature of the attorney or unrepresented party*

                                       _____

                                              *Printed name*

                                       _____

                                                *Address*

                                       _____

                                         *E-mail address*

                                       _____

                                             *Telephone number*

AO 85 (Rev. 01/09)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____    )
_____    )
_____    )
_____    )
_____,   )
                                            )
            **Plaintiff(s),**              )
                                            )
    **v.**                                  )
                                            )
_____    )    **Civil Action No. _____**
_____    )
_____    )
_____    )
_____,   )
                                            )
            **Defendant(s)/**              )
            **Third-Party Plaintiff(s),**  )
                                            )
    **v.**                                  )
                                            )
_____    )
_____    )
_____    )
_____    )
_____,   )
                                            )
            **Third-Party Defendant(s).**  )
_____)

### DISCLOSURE STATEMENT PURSUANT TO Fed. R. Civ. P. 7.1
### (Civil Action)

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, _____,
                                                                    (type of party)

who is _____, makes the following disclosure:
            (name of party)

Page 1 of  2

☐ YES        ☐ NO

2.      If the answer to Number 1 is "yes," list below any parent corporation or state that there is no such corporation:

_____

_____

_____


3.      If the answer to Number 1 is "yes," list below any publicly-held corporation that owns 10% or more of the party's stock or state that there is no such corporation:
_____
_____
_____
_____

        The undersigned party understands that under Rule 7.1 of the Federal Rules of Civil Procedure, it must promptly file a supplemental statement upon any change in the information that this statement requires.


                                        _____
                                        Signature of Counsel for Party


Date: _____

## INSTRUCTIONS FOR COMPLETING AO 398 AND AO 399

AO 398 - NOTICE OF LAWSUIT AND REQUEST FOR WAIVER
(one form needs to be completed for each defendant you are suing)
and
AO 399 - WAIVER OF SERVICE OF SUMMONS
(one form needs to be completed for each defendant you are suing)

| | |
|---|---|
| Block 1: | Middle District of PA |
| Block 2: | Your name |
| Block 3: | First named defendant |
| Block 4: | Do not fill out unless your case has already been assigned a case number.  If you are submitting this form with your new complaint, the Clerk's Office will fill in the assigned case number for you. |
| Block 5: | AO 398 – Name of Defendant and AO 399 – Name of Plaintiff's Attorney or Unrepresented Plaintiff. |
| Block 6: | Address of the defendant. |

Blocks 1 through 4 will be the same for each form you complete but Block 5 and Block 6 will be different as you need to complete one form for each named defendant.

DO NOT COMPLETE THE REST OF THE FORM.  IF THE U.S. MARSHAL IS DIRECTED TO SERVE YOUR COMPLAINT THEY WILL COMPLETE THE REST OF THIS FORM.

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

Block 1

| | |
|---|---|
| Block 2 | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| Block 3 | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.    Block 4

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:    Block 5
_____
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

Address:    Block 6
_____
*(Address of the defendant or - if the defendant is a corporation, partnership, or association - address of an officer or authorized agent)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Block 1 _____ District of _____

| | |
|---|---|
| Block 2 | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   Block 4 |
| Block 3 | ) |
| _____ | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: ___Block 5_____
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____     _____
*Printed name of party waiving service of summons*     *Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.